**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ABEL SANCHEZ, LAMONT MOORE, and DERRICK CORPUS, Individually and on behalf of all others similarly situated** | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. _____ |
| v. | § § | **JURY TRIAL DEMANDED** |
| **GENERAL ELECTRIC COMPANY, GE OIL & GAS, INC., GE OIL & GAS LOGGING SERVICES, INC., and GE OIL & GAS PRESSURE CONTROL LP** | § § § § § | **CLASS ACTION PURSUANT TO** Fed. R. Civ. P. 23(b)(2) |
| *Defendants* | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## PLAINTIFFS' ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT

Abel Sanchez, LaMont Moore, and Derrick Corpus bring this action individually and on behalf of all employees (hereinafter "Plaintiffs and the Putative Class Members") who were employed by General Electric Company, GE Oil & Gas, Inc., GE Oil & Gas Logging Services, Inc., and/or GE Oil & Gas Pressure Control LP (hereinafter collectively referred to as "GE" or the "GE Defendants") during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiffs additionally bring a declaratory judgment action pursuant to Federal Rule of Civil Procedure 23(b)(2) asking this Court to declare that certain releases signed by Plaintiffs and the Putative Class Members are unenforceable as to their claims under the FLSA.

1.3     Plaintiffs and the Putative Class Members were paid a fixed salary plus non-discretionary job bonuses for time worked in the field or offshore in the Gulf of Mexico.

1.4     Plaintiffs and the Putative Class Members were also paid on an hourly basis plus non-discretionary job bonuses for all hours worked and jobs completed in the field or offshore in the Gulf of Mexico, and while they were actually paid overtime, GE failed to include the non-discretionary job bonuses in the calculation of Plaintiffs and the Putative Class Members' overtime rates.

1.5     The FLSA requires that all forms of compensation—including the non-discretionary job bonuses paid to Plaintiffs and the Putative Class Members—be included in the calculation of the regular rate of pay for overtime purposes.

1.6     Plaintiffs and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek.

1.7     When Plaintiffs and the Putative Class Members were paid a fixed salary plus non-discretionary job bonuses, Plaintiffs and the Putative Class Members were not paid overtime (time and one-half) at all for all hours worked in excess of forty (40) hours per workweek.

1.8     Even when GE reclassified Plaintiffs and the Putative Class Members and began paying them overtime, GE failed to include the non-discretionary job bonuses in the calculation of the overtime rate which resulted in Plaintiffs and the Putative Class Members not being paid at the proper overtime rate.

1.9     The decision by GE (a) not to pay overtime compensation at all in some instances and (b) GE's failure to pay the proper amount of overtime to its employees was neither reasonable nor in good faith.

1.10    GE knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.11    Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

1.12    Plaintiffs and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.13    Plaintiffs also pray that all Putative Class Members be notified of the pendency of this action to apprise them of their rights, inform them that the releases they signed are unenforceable as to their FLSA claims against GE, and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1    Plaintiff Abel Sanchez (Sanchez) is an individual who resides in Live Oak County, Texas. Plaintiff Ramirez worked for Defendants General Electric Company, GE Oil & Gas, Inc. and/or GE Oil & Gas Logging Services, Inc. within the meaning of the FLSA, within this judicial district, and within the relevant three-year period. Plaintiff Sanchez did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2    Plaintiff LaMont Moore is an individual who resides in Bexar County, Texas. Plaintiff Moore worked for Defendants General Electric Company, GE Oil & Gas, Inc. and/or GE Oil & Gas Pressure Control LP, within the meaning of the FLSA and within the relevant three-year period. Plaintiff Moore did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Abel Sanchez is attached hereto as Exhibit "A".

[3] The written consent of LaMont Moore is attached hereto as Exhibit "B".

2.3     Plaintiff Derrick Corpus is an individual who resides in DeWitt County, Texas. Plaintiff Corpus worked for Defendants General Electric Company, GE Oil & Gas, Inc. and/or GE Oil & Gas Logging Services, Inc. within the meaning of the FLSA and within the relevant three-year period.  Plaintiff Corpus did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[4]

2.4     The Putative Class Members for the collective action are those current and former employees who worked for the GE Defendants and were subjected to the same illegal pay system under which Plaintiffs worked and were paid.

2.5     The Putative Class Members for the class action are those current and former employees who worked for the GE Defendants, who signed a release document(s) releasing FLSA claims against the GE Defendants, and who were subjected to the same illegal pay system under which Plaintiffs worked and were paid.

2.6     General Electric Company ("GE Company") is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business in New York. GE Company may be served through its registered agent for service of process in Texas, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2.7     GE Oil & Gas, Inc. ("GE Oil & Gas") is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business in New York. GE Oil & Gas may be served through its registered agent for service of process in Texas, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2.8     GE Oil & Gas Logging Services, Inc. ("GE Logging") is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business in Houston, Texas. GE Logging is a wholly owned subsidiary of GE Company. GE Logging may be

---

[4] The written consent of Derrick Corpus is attached hereto as Exhibit "C".

served through its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2.9     GE Oil & Gas Pressure Control LP ("GE Hydril") is a limited partnership duly organized and existing under the laws of the State of Texas, having its principal place of business in Houston, Texas. GE Oil & Gas Pressure Control LP is a wholly owned subsidiary of GE Company. GE Hydril may be served through its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2.10     GE Company is a joint employer with its subsidiaries pursuant to 29 C.F.R. § 791.2. GE Company has common ownership, oversight and control over the GE Defendants and Plaintiffs and the Putative Class Members. As a result, GE Company is liable, both individually and jointly, along with its respective subsidiaries, for compliance with all of the applicable provisions of the FLSA, including but not limited to the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over the GE Defendants because the cause of action arose within this district as a result of the GE Defendants' conduct within this district.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Specifically, GE Logging has maintained a working presence throughout South Texas and the Eagle Ford Shale area and also has an office/yard in Corpus Christi, Nueces County, Texas where Plaintiff Sanchez worked throughout his employment with the GE Defendants. Moreover, Plaintiff Sanchez resided

in Live Oak County, Texas throughout his employment with the GE Defendants, all of which are in this District and Division.

3.4     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, the GE Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, the GE Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, the GE Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiffs and the Putative Class Members' employment by the GE Defendants, these individuals provided services for the GE Defendants that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiffs and the Putative Class Members are (or were) ***non-exempt*** employees of GE who were engaged in oilfield services that were directly essential to the production of goods for GE and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiffs and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8     The proposed class of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees who worked for General Electric Company, GE Oil & Gas, Inc., GE Oil & Gas Logging Services, Inc. and/or GE Oil & Gas Pressure Control LP, at any time from February 15, 2013 to the present."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of the GE Defendants.

## V.
## FACTS

5.1     GE is a world leader in advanced technology equipment and services for all segments of the oil and gas industry, from exploration and production to downstream.[5]

5.2     Plaintiff Sanchez has worked for GE Company, GE Oil & Gas and GE Logging at their Corpus Christi, Texas location since approximately April 2014.

5.3     Plaintiff Sanchez was paid a fixed salary plus a non-discretionary job bonus for time worked in the field at a well site/drilling location.

5.4     On July 23, 2014, and made effective August 4, 2014, Plaintiff Sanchez was "reclassified" and his job title was changed from Operator to Field Service Support. As part of that

---

[5] *See* http://www.ge-energy.com/about/index.jsp.

reclassification, Plaintiff Sanchez's base salary remained the same and he still received non-discretionary job bonuses, but he also became eligible for overtime payment at a rate calculated by GE. Although Plaintiff Sanchez actually received overtime after his reclassification, GE failed to include his non-discretionary job bonuses in calculating his regular rate of pay as is required by federal law. Therefore, his overtime wages were improperly calculated resulting in the underpayment of overtime wages.

5.5     Ultimately, Plaintiff Sanchez was required to sign a "reclassification release document" whereby GE misrepresented to him that he was not entitled to any back pay and that he was waiving any claims for wages or compensation under the FLSA.[6]

5.6     Plaintiff Moore worked for GE Company, GE Oil & Gas and GE Hydril at their Houston, Texas location from approximately January 2012 until June 2014.

5.7     Plaintiff Moore was paid a fixed salary plus non-discretionary job bonuses for time worked both in the field and offshore in the Gulf of Mexico.

5.8     On March 31, 2014, Plaintiff Moore was "reclassified" and his job title was changed from Field Service Engineer to Field Service Technician 7. As part of that reclassification, Plaintiff Moore's base salary remained the same and he still received non-discretionary job bonuses, but he also became eligible for overtime payment at a rate calculated by GE. Although Plaintiff Moore received overtime after his reclassification, GE failed to include his non-discretionary job bonuses in calculating his regular rate of pay as is required by federal law. Therefore, his overtime wages were improperly calculated resulting in the underpayment of overtime wages.

---

[6] A true and correct copy of the "Reclassification Release" document for Plaintiff Sanchez is attached hereto as Exhibit "D" and incorporated as if set forth fully herein.

5.9     GE also misrepresented to Plaintiff Moore that he was not entitled to any back pay and required him to sign a "reclassification release document" purporting to waive any claims for wages or compensation under the FLSA.[7]

5.10    Plaintiff Corpus worked for GE Company, GE Oil & Gas and GE Logging at their Victoria, Texas location from approximately April 2010 to May 2015.

5.11    Plaintiff Corpus was paid a fixed salary plus a non-discretionary job bonus for time worked in the field at a well site/drilling location.

5.12    On May 4, 2015, GE terminated Plaintiff Corpus as a result of a company-wide layoff and reduction in force. As part of the layoff, GE required Plaintiff Corpus to sign a "Full Layoff Benefit Release". GE Company misrepresented to Plaintiff Corpus that he waived any and all claims, including those claims for wages and compensation under the FLSA, against it or any of its subsidiaries by signing a "lay-off release" upon the termination of his employment.[8]

5.13    Plaintiffs and the Putative Class Members were not required to have an advanced degree. In fact, GE regularly hired (and continues to hire) employees with only a high school diploma (or less).

5.14    Plaintiffs and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

5.15    Plaintiffs and the Putative Class Members worked long hours. Specifically, these employees regularly worked (and continue to work) more than 12 hours in a day, and more than 84 hours in a week.

---

[7] A true and correct copy of the "Reclassification Release" document for Plaintiff Moore is attached hereto as Exhibit "E" and incorporated as if set forth fully herein.

[8] A true and correct copy of the "Layoff Release" document for Plaintiff Corpus is attached hereto as Exhibit "F" and incorporated as if set forth fully herein.

5.16    Upon information and belief, the non-discretionary bonuses paid to Plaintiffs and the Putative Class Members were meant to encourage and motivate Plaintiffs and the Putative Class Members to work harder and to reward them for their hard work.

5.17    Upon information and belief, the non-discretionary bonuses were based upon a pre-determined formula established by GE. To receive the job bonuses, Plaintiffs and the Putative Class Members had to met certain criteria—when that criteria was met Plaintiffs and the Putative Class Members were entitled to receive their job bonuses.

5.18    Upon information and belief, Plaintiffs and the Putative Class Members received these non-discretionary bonuses on a regular and frequent basis.

5.19    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.20    Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

5.21    Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses (and any other non-discretionary compensation) should have been included in Plaintiffs and the Putative Class Members' regular rate of pay before any and all overtime multipliers were applied.

5.22    Not only did GE fail to include these non-discretionary job bonuses in Plaintiffs and the Putative Class Members' regular rates of pay before applying any and all overtime multipliers, GE did not pay any overtime at all for work in excess of forty (40) hours per week. And even when GE actually paid overtime, GE still failed to include the non-discretionary job bonuses in the calculation of the overtime rate which resulted in the underpayment of overtime wages to Plaintiffs and the Putative Class Members.

5.23    Accordingly, GE's pay policies and practices violated (and continue to violate) the FLSA.

## VI.
## FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2)
## CLASS ACTION FOR DECLARATORY JUDGMENT

**A.    CLASS ACTION REQUIREMENTS**

6.1    Plaintiffs bring this class action on behalf of themselves and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

6.2    The Class which the Plaintiffs seek to represent is adequately ascertainable, objectively verifiable, and is defined as:

All persons in the United States who:

   a.   were employed by General Electric Company and/or one of its subsidiaries in the oil and gas industry from February 15, 2013 to the present;

   b.   signed a copy of the "Release Agreement" or a substantially similar document provided by General Electric Company, and attached as Exhibits D, E and F to this Complaint; and

   c.   were not paid according to the provisions found in the FLSA.

6.3    This class action is appropriate because it satisfies all prerequisites of of Federal Rule of Civil Procedure 23(a), and is shown as follows:

   (1)    Numerosity—the class is so numerous that joinder of all members is impracticable. On information and belief, GE required all employees who were paid in violation of the FLSA to sign at least one version of the attached release agreements, and the potential class could easily consist of tens of thousands of plaintiffs. GE is a national corporation with employees throughout the United States. That number encompasses employees of GE in Texas, and on information and belief, would also cover employees of GE nation-wide. *See* FED. R. CIV. P. 23(a)(1).

(2)     Commonality—there are questions of law and fact common to the class. Issues key to the resolution of the dispute include a determination that the release documents GE forced Plaintiffs and the Putative Class Members to sign is an unenforceable attempt to enter into a private settlement agreement for an FLSA claim pursuant to federal law and Fifth Circuit precedent. *See id.* 23(a)(2).

(3)     Typicality—the claims of Plaintiffs are typical of the claims of the Putative Class Members. In fact, the claims of Plaintiffs are identical to the claims of Putative Class Members because all claims arise from the release agreements that GE had Plaintiffs and the Putative Class Members sign. *See id.* 23(a)(3).

(4)     Adequacy of Representation—Plaintiffs will fairly and adequately protect the interests of Putative Class Members. There are no conflicts of interest between Plaintiffs and Putative Class Members. Additionally, the undersigned attorneys are financially able to prosecute the action to the fullest extent of the law. *See id.* 23(a)(4).

6.4     This class action seeking declaratory relief is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because GE has acted on grounds that apply generally to the class and declaratory relief is appropriate respecting the class as a whole. *See id.* 23(b)(2). The United States Supreme Court has stated that "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S. Ct. 2541, 2557 (2011) (internal citations omitted). In this case, Plaintiffs, and on behalf of all Putative

Class Members, seek a declaration that the releases they signed purportedly waiving their claims pursuant to the FLSA, are unenforceable.

## B.     DECLARATORY RELIEF SOUGHT

6.5     Pursuant to 28 U.S.C. § 2201, Plaintiffs ask this Court to declare that the FLSA waiver language contained in the "reclassification" release and the "layoff" release are unenforceable as a matter of law because binding federal law forbids the use of private releases to waive claims under the FLSA.[9] *See Archer v. TNT USA, Inc.,* 12 F.Supp.3d 373, 378 (E.D.N.Y. 2014); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–08 (1945) (the general rule establishes that FLSA claims cannot be waived).

6.6     Indeed, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a federal court, a settlement of an FLSA claim is prohibited. *See, e.g., Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, *in a suit brought by the employees under the FLSA*, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.") (emphasis added).

## VII.
## CAUSES OF ACTION PURSUANT TO THE FLSA

## A.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

7.1     GE violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours

---

[9] *See* Exhibits D thru F.

without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

7.2    Moreover, GE knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiffs and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

7.3    GE knew or should have known their pay practices were in violation of the FLSA.

7.4    GE is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

7.5    Plaintiffs and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted GE to pay according to the law.

7.6    The decisions and practices by GE to not pay overtime at all and/or pay overtime in an improper amount were neither reasonable nor in good faith.

7.7    Accordingly, Plaintiffs and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay (as calculated pursuant to the FLSA), plus liquidated damages, attorneys' fees and costs.

**B.    COLLECTIVE ACTION ALLEGATIONS**

7.8    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiffs.

7.9    Other similarly situated employees have been victimized by GE's patterns, practices, and policies, which are in willful violation of the FLSA.

7.10    The Putative Class Members are "all current and former employees who worked for General Electric Company, GE Oil & Gas, Inc., GE Oil & Gas Logging Services, Inc. and/or GE Oil & Gas Pressure Control LP, at any time from February 15, 2013 to the present."

7.11    GE's failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

7.12    Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

7.13    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

7.14    All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

7.15    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are blue-collar workers entitled to overtime after forty (40) hours in a week.

7.16    GE employed a substantial number of employees in the United States during the past three years. These workers are geographically dispersed, residing and working in states across the country. Because these workers do not have fixed work locations, employees may work in different states across the country in the course of a given year.

7.17    Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and GE will retain the proceeds of its rampant violations.

7.18    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

7.19    Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR GENERAL ELECTRIC COMPANY, GE OIL & GAS, INC., GE OIL & GAS LOGGING SERVICES, INC. AND/OR GE OIL & GAS PRESSURE CONTROL LP, AT ANY TIME FROM FEBRUARY 15, 2013 TO THE PRESENT**

## VIII.
## RELIEF SOUGHT

8.1    Plaintiffs respectfully prays for judgment against GE as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring GE to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.    For an Order certifying Plaintiffs' declaratory judgment action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2).

c.    For an Order approving the form and content of a notice to be sent to all potential collective and class action members advising them of the pendency of this litigation and of their rights with respect thereto;

d.    For an Order awarding Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

e.    For an Order, in equity, allowing Plaintiffs to recover for the full scope of their back wages that were improperly withheld.

f.    For an Order pursuant to Section 16(b) of the FLSA finding GE liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

g.    For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

        h.      For an Order awarding Plaintiffs (and those who have joined in the suit) attorneys' fees;

        i.      For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

        j.      For an Order awarding Plaintiffs service awards as permitted by law;

        k.      For an Order compelling the accounting of the books and records of GE; and

        l.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:      /s/ Clif Alexander
          **Clif Alexander**
          Federal I.D. No. 1138436
          Texas Bar No. 24064805
          calexander@phippsandersondeacon.com
          **Austin W. Anderson**
          Federal I.D. No. 777114
          Texas Bar No. 24045189
          aanderson@phippsandersondeacon.com
          **Lauren E. Braddy**
          Federal I.D. No. 1122168
          Texas Bar No. 24071993
          lbraddy@phippsandersondeacon.com
          PHIPPS ANDERSON DEACON LLP
          819 N. Upper Broadway
          Corpus Christi, Texas 78401
          Telephone: (361) 452-1279
          Facsimile: (361) 452-1284

          **James Rick Holstein**
          Federal I.D. No. 426800
          Texas Bar No. 09915150
          rickholstein@mac.com
          819 N. Upper Broadway
          Corpus Christi, Texas 78401
          Telephone: (361) 883-8649
          Facsimile: (361) 883-3199

**Rose Vela**
Federal I.D. No. 13880
Texas Bar No. 16958050
rose.vela@me.com
275 Calle Jacaranda
Brownsville, Texas 78520
Telephone: (956) 248-7673
Facsimile: (956) 596-2346

**ATTORNEYS IN CHARGE FOR PLAINTIFFS AND PUTATIVE CLASS MEMBERS**